# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

SHAWN GREEN,

                Plaintiff,

      -vs-

BRIAN FISCHER, *Commissioner for Department of Correctional Services (DOCS)*, *et al.*,

                Defendants.

DECISION & ORDER

11-CV-6063-CJS

---

**Siragusa, J.** Before the Court is Plaintiff's motion, Jun. 24, 2011, ECF No. 28, seeking a preliminary injunction. For the reasons stated below, the application is denied.

As the Second Circuit Court of Appeals observed in *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27 (2d Cir.1995):

> A party seeking injunctive relief ordinarily must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor.

*Id*. at 33. The Second Circuit also discussed the requirements for a mandatory injunction:

> However, we have required the movant to meet a higher standard where: (i) an injunction will alter, rather than maintain, the status quo, or (ii) an injunction will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits....

> 1. Mandatory Injunctions

> The typical preliminary injunction is prohibitory and generally seeks only to maintain the *status quo* pending a trial on the merits. *See Abdul Wali v. Coughlin*, 754 F.2d 1015, 1025 (2d Cir. 1985). A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act. *See id.* As noted above, this distinction is important because we have held

>that a mandatory injunction should issue "only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id*. (internal quotations and citations omitted); *see also SEC v. Unifund SAL*, 910 F.2d 1028, 1039 (2d Cir. 1990) (injunction going beyond preservation of *status quo* requires "a more substantial showing of likelihood of success"); *Jacobson & Co. v. Armstrong Cork Co.*, 548 F.2d 438, 441 (2d Cir. 1977). The "clear" or "substantial" showing requirement -- the variation in language does not reflect a variation in meaning -- thus alters the traditional formula by requiring that the movant demonstrate a greater likelihood of success. *See Unifund SAL*, 910 F.2d at 1039....
>
>Moreover, many mandatory injunctions can be stated in seemingly prohibitory terms. *See, e.g., Unifund SAL*, 910 F.2d at 1040 (imposing "substantial showing of likelihood of success" standard because "though the order is prohibitory in form, rather than mandatory, it accomplishes significantly more than preservation of the status quo").

*Id*. at 34–35.

In his application, Plaintiff seeks an Order imposing on Defendants a detailed procedure for handling grievance complaints. His motion reads like a proposed regulation and provides no basis for concluding that he will suffer harm if his proposal is not granted. Plaintiff's original complaint alleges that Defendants maintain an "unconstitutional legal materials limitation...." His application does not meet the requirements of Rule 65, let alone the stricter requirements for a mandatory injunction. Accordingly, it is hereby

ORDERED, that Plaintiff's motion, ECF No. 28, for a preliminary injunction is denied.

IT IS SO ORDERED.

Dated:  May 22, 2012
       Rochester, New York

                ENTER:

                            /s/ Charles J. Siragusa
                            CHARLES J. SIRAGUSA
                            United States District Judge