UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHAWN GREEN,

                    Plaintiff,

          v.                                    **DECISION AND ORDER**

                                                6:11-CV-06063 EAW

SERGEANT SCHMELZLE,

                    Defendant.

---

## I.    Introduction

Plaintiff Shawn Green ("Plaintiff") commenced this action on February 7, 2011. (Dkt. 1). Plaintiff filed a Second Amended Complaint ("Complaint") on December 26, 2012, alleging various constitutional violations arising out of his incarceration at the Elmira Correctional Facility. (Dkt. 44). Plaintiff named 34 employees of the Department of Corrections and Community Supervision ("DOCCS") as defendants (collectively "Defendants"). (*Id.*). On December 23, 2015, this Court granted Defendants' motion to dismiss for all Defendants except Defendant Schmelzle, denied Defendant Schmelzle's alternative motion for summary judgment, and denied Plaintiff's cross-motion for summary judgment. (Dkt. 65). Now before the Court are Plaintiff's motion for relief from the Court's Decision and Order under Fed. R. Civ. P. 60, and motion to strike Defendant Schmelzle's affirmative defenses pursuant to Fed. R. Civ. P. 12(f). (Dkt. 71). For the reasons set forth below, Plaintiff's motion pursuant to Rule 60 is denied, and Plaintiff's motion to strike is denied without prejudice.

- 1 -

## II.    Plaintiff's Motion for Relief

### A.    Standard of Review

In relevant part, a court has the power, pursuant to Fed. R. Civ. P. 60(b), to allow relief from an order because of "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

The motion for relief cannot be used to relitigate issues already decided by the court. *Turner v. Vill. of Lakewood*, No. 11–CV–211–A, 2013 WL 5437370, at *3 (W.D.N.Y. Sept. 27, 2013). A court will generally adhere to its own earlier decision on an issue already decided in the same litigation. *United States v. Adegbite*, 877 F.2d 174, 178 (2d Cir. 1989). "The standard for granting a [motion for relief] is strict, and [relief] will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atl. Airways v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court." *Boyde v. Osborne*, No. 10–CV–

6651, 2013 WL 6662862, at *1 (W.D.N.Y. Dec. 16, 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

**B.   Discussion**

Plaintiff asserts two errors in the Court's Decision and Order filed December 23, 2015. First, Plaintiff argues that Defendants' counsel "perpetrate[d] a fraud upon the Court with initial and renewed motions to dismiss or for summary judgment." (Dkt. 71 at 4-9). He further claims that the Court clearly erred "in reaching [the] egregious judgment," and that the order was legally void. (*Id.* at 9-13). The Court takes each argument in turn, and finds that Plaintiff's claims are without merit.

**1.   Plaintiff's Claim of Fraud or Misrepresentation by Defendants or Defendants' Counsel is Wholly Without Merit**

Plaintiff first argues that Defendants or Defendants' counsel, New York Assistant Attorney General Gary M. Levine, defrauded the Court, misrepresented Plaintiff's claims, and failed to disclose controlling precedent. (*Id.* at 4-9). These misgivings, according to Plaintiff, require relief under Rule 60(b)(3). (*Id.*). None of these arguments have basis in fact or law.

Rule 60(b)(3) allows a district court to relieve a party from a final judgment when there was "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "Ordinarily [60(b)(3)] is invoked where material information has been withheld or incorrect or perjured evidence has been intentionally supplied." *Matter of Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir. 1981). Rule 60(b)(3) relief

> is limited to fraud which seriously affects the integrity of the normal
> process of adjudication, and should embrace only that species of fraud

which does or attempts to . . . defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.

*Commercial Union Ins. Co. v. Lord*, Nos. 15-769-cv, 15-913-cv, 2016 WL 2942982, at *1 (2d Cir. May 20, 2016) (citations omitted).  The Federal Rules present such a high bar under 60(b)(3) that fraud on an adverse party, in itself, is insufficient to merit relief.  *See id.* (citing *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002)).

Plaintiff alleges that AAG Levine "proceeded to perpetrate a fraud upon the Court with initial and renewed motions to dismiss or for summary judgment." (Dkt. 71 at 5). Defendants' purported fraud sought to prevent Plaintiff from "fully and fairly being presented to an impartial court." (*Id.*).  AAG Levine, according to Plaintiff, is aware of evidence and law that substantiate each of Plaintiff's numerous claims. (*Id.*).

Instead of pointing to some fraud or deceit on the part of Defendants or their attorney—which is necessary for relief under Rule 60(b)(3)—Plaintiff simply seeks to relitigate the substantive issues this Court has already decided.  Plaintiff alleges, as he did in his cross-motion for summary judgment, that he was forced to choose between participating in one hour of recreation and attending a diabetes clinic, and that his grievance related to this conflict was treated differently because of his race. (*See* Dkt. 44 at ¶¶ 6-9; Dkt. 71 at 5).  The Court addressed this issue at length in its Decision and Order on the motions to dismiss, and cross-motions for summary judgment. (Dkt. 65 at 11-13).  The Court found that Plaintiff failed to present a cognizable claim as to all Defendants except Defendant Schmelzle. (*See id.*).  The Court also found that Plaintiff had put forth sufficient factual claims as to race discrimination such that summary

judgement for Defendant Schmelzle was not appropriate. (*Id.* at 12-13). In the instant motion, Plaintiff seems to want the Court to determine that the choice between recreation and medication was a violation of his rights, which, as the Court found in the Decision and Order, it is not. (*See* Dkt. 71 at 5-6; Dkt. 65 at 11-13). Similarly, Plaintiff attempts to convince the Court that Plaintiff was removed from the recycling program because of a confidential note alleging improper conduct by Plaintiff. (Dkt. 71 at 6). Plaintiff again asserts that the removal was racially motivated. (*See* Dkt. 44 at ¶¶ 10-13; Dkt. 71 at 6). Plaintiff also raises, again, the arguments that his grievances were rejected or otherwise improperly processed and disposed of (*see* Dkt. 44 at ¶¶ 26-28; Dkt. 71 at 6-7, 12); that his Due Process rights were violated by disciplinary proceedings (*see* Dkt. 44 at 9; Dkt. 71 at 6); and that he has a valid breach of contract claim relating to his television (Dkt. 44 at ¶¶ 20-23; Dkt. 71 at 12).

Plaintiff does not allege fraud by the Defendants or AAG Levine; he simply tries to relitigate the issues already decided by this Court. (*See* Dkt. 71 at 6; Dkt. 65 at 16-18). Plaintiff offers only conclusory accusations that the Defendants or AAG Levine misrepresented facts to the Court. (Dkt. 71 at 7). This is wholly insufficient to support relief under 60(b)(3). *See Commercial Union Ins. Co.*, 2016 WL 2942982, at *1.

Plaintiff also asserts that Defendants' attorney "failed to disclose controlling legal authority to the Court directly adverse to his clients' position." (Dkt. 71 at 7). Plaintiff lists thirteen cases which Defendants' counsel failed to disclose. (*Id.* at 7-8). The Court has reviewed each of the cited cases. Not one of the cases provides controlling legal authority on an issue sufficient to show "clear error" in the Court's earlier decision or a

change in controlling precedent.[1]  *See Virgin Atl. Airways*, 956 F.2d at 1255.  Therefore,

Defendants' failure to cite these cases does not merit relief under Rule 60(b).

### 2.    Plaintiff's Claims That the Court Erred are Without Merit

Plaintiff also claims that the Court clearly erred in reaching its "egregious

judgment," meriting relief under Fed. R. Civ. P. 60(b)(1) and (4).  (Dkt. 71 at 9).  The

Court first addresses Plaintiff's 60(b)(1) claim, then his 60(b)(4) claim.  Neither claim

justifies relief.

### a.    Plaintiff's Rule 60(b)(1) Claim

Fed. R. Civ. P. 60(b)(1) allows for relief due to "mistake, inadvertence, surprise,

or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  Relief under this subsection "is available

for a district court to correct legal errors by the court."  *United Airlines, Inc. v. Brien*, 588

---

[1]       In fact, a number of the cases Plaintiff cites are wholly inapplicable to the facts at issue here.  *Duchesne v. Sugarman*, 556 F.2d 817 (2d Cir. 1977), is inapplicable because Plaintiff does not claim a violation by supervisors under 42 U.S.C. § 1983 for policy-based constitutional violations, but supervisory liability for allowing continued violations by subordinate officers.  (Dkt. 44 at ¶ 15, 17, 20, 27).  *Ex parte Hull*, 312 U.S. 546 (1941), is inapplicable because Plaintiff did not allege that the prison screened his court filings, and, as noted in this Court's earlier decision, Plaintiff "did not allege that any of the Defendants deliberately and maliciously impeded his access to the courts."  (*See* Dkt. 44; Dkt. 65 at 10).  *Estelle v. Gamble*, 429 U.S. 97 (1976), is inapplicable because Plaintiff does not allege that he was refused medical care, or that there was a significant delay in access to medical care.  (*See* Dkt. 44).  *Reynolds v. Barrett*, 685 F.3d 193 (2d Cir. 2012), is inapplicable because Plaintiff does not raise a disparate impact claim; he claims direct discrimination.  *Hewitt v. Helms*, 459 U.S. 460 (1983), is inapplicable because Plaintiff does not claim administrative segregation from the general prison population in violation of his Due Process rights.  (Dkt. 44 at ¶¶ 24-26).  Additionally, the *Hewitt* framework has been "abandoned by the Supreme Court . . . ."  *Bloudin ex rel. Estate of Pouliot v. Spitzer*, 356 F.3d 348, 362 (2d Cir. 2004) (citing *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995)).

F.3d 158, 175 (2d Cir. 2009). It should be used to correct a court's own mistakes of law. *In re 310 Associates*, 346 F.3d 31, 35 (2d Cir. 2003).

Plaintiff raises two main arguments for relief under Rule 60(b)(1). First, Plaintiff asserts that the Court incorrectly consulted "extrinsic materials of Defendants[,] and selective claims only, without converting [the] entire motion to summary judgment." (Dkt. 71 at 9).

The Court's December 23, 2015, Decision and Order granted Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for all Defendants except Defendant Schmelzle. (*See* Dkt. 65 at 1). For Rule 12(b)(6), "if . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In that case, all parties must be allowed to present materials pertinent to the motion. *Id.* "For purposes of this rule, the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (citations omitted). The court may even take into account a document which the plaintiff fails to attach to the complaint or incorporate by reference if the document is "integral to the complaint." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

The Court was not required to convert the motion to dismiss under Rule 12(b)(6) to one for summary judgment under Fed. R. Civ. P. 56. The Court did not review documents beyond the Complaint and briefs submitted by the parties in making its decisions pursuant to Rule 12(b)(6). (*See* Dkt. 65). Defendants filed a motion to dismiss

and for summary judgment before Plaintiff submitted his Complaint. (*See* Dkt. 8; Dkt. 44). The Court denied Defendants' earlier motion without prejudice because the amended complaint rendered the original complaint with no legal effect. (Dkt. 46). The Defendants then renewed their motion to dismiss, or, in the alternative, for summary judgment. (Dkt. 47). Defendants did not rely on any facts in the record beyond those that were alleged in the Complaint in making their motion to dismiss. (*See* Dkt. 47-1). The Court's decision to dismiss numerous Defendants from the case was based upon the pleadings, and upon the pleadings alone.

Plaintiff is correct that the Court did review evidence submitted by Defendants with respect to their alternative claim for summary judgement vis-à-vis Defendant Schmelzle. (*See* Dkt. 65 at 12; Dkt. 71 at 9). Plaintiff was provided the opportunity to respond, which he did. (*See* Dkt. 51); *see also* Fed. R. Civ. P. 12(d) (requiring that if "matters outside of the pleadings are presented to and not excluded by the court . . . [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion"). Plaintiff filed a response to Defendants' motion and included his own cross-motion for summary judgment. (Dkt. 51). The Court found that summary judgment for or against Defendant Schmelzle was premature because there had not been sufficient factual inquiry into the allegations regarding that Defendant. (Dkt. 65 at 12-13). Instead, the Court allowed the parties time to conduct discovery on this issue, as allowed by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56(d)(2). This does not constitute legal error requiring relief.

Second, Plaintiff argues that the Court failed to evaluate Plaintiff's cross-motion for summary judgment on its own merits, and just generally denied it. (Dkt. 71 at 9). The Court did not need to individually evaluate Plaintiff's summary judgment claims against each Defendant because Plaintiff failed to state a cognizable claim against every Defendant except Schmelzle. (*See* Dkt. 65). Plaintiff's motion for summary judgment against those Defendants was moot. *See DC3, LLC v. Town of Geneva*, 783 F. Supp. 2d 418, 424 (W.D.N.Y. 2011); *Liner v. Goord*, 582 F. Supp. 2d 431, 434 (W.D.N.Y. 2008). As to Defendant Schmelzle, the Court found that Plaintiff had not yet met his burden of proving entitlement to judgment as a matter of law. (Dkt. 65 at 19). The Court denied Plaintiff's motion without prejudice. (*Id.*). Plaintiff has failed to show how this was a legal error which requires relief.

### b.   Plaintiff's Rule 60(b)(4) Claim

Plaintiff also asserts that the Court's Decision and Order is void under Fed. R. Civ. P. 60(b)(4). (Dkt. 71 at 10). Rule 60(b)(4) allows relief when the "judgment is void." Fed. R. Civ. P. 60(b). "A void judgment is a legal nullity." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "The list of such infirmities is exceedingly short. . . . A judgment is not void, for example, simply because it is or may have been erroneous." *Id.* (citations omitted). Rule 60(b)(4) applies only where there is a jurisdictional error or a due process violation that "deprives a party of notice or the opportunity to be heard." *Id.*

Plaintiff does not assert that there is either a jurisdictional defect in the case, or that he was deprived notice or an opportunity to be heard. (*See* Dkt. 71 at 10). The Court

has jurisdiction under 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1331 (giving the district courts "original jurisdiction [over] all civil actions arising under the Constitution, laws, or treaties of the United States").  Plaintiff has been provided notice as to each stage of the litigation, and has been heard in his filings.  (*See* Dkt. 20 (Plaintiff's interrogatories and request for production); Dkt. 21 (Plaintiff's Response in Opposition to Defendants' motion for extension); Dkt. 22 (Plaintiff's motion for discovery); Dkt. 28 (Plaintiff's motion for preliminary injunction); Dkt. 29 (Plaintiff's written deposition/interrogatories); Dkt. 33 (Plaintiff's response in opposition to Defendant's motion to dismiss); Dkt. 49 (Plaintiff's response in opposition to Defendant's motion for summary judgment); Dkt. 51 (Plaintiff's cross-motion for partial summary judgment); Dkt. 53 (Plaintiff's letter requesting a scheduling conference); Dkt. 58 (Plaintiff's motion for an expedited hearing); Dkt. 60 (Plaintiff's motion for relief for the denial of his motion for an expedited hearing); Dkt. 62 (Plaintiff's letter motion for a copy of a decision cited by the Court); Dkt. 63 (Plaintiff's motion for leave to appeal); Dkt. 67 (Plaintiff's notice of interlocutory appeal)).

Instead, Plaintiff questions the Court's impartiality due to its "complete and utter abandonment of the required fundamental principles . . . ." (Dkt. 71 at 10).  Plaintiff puts forth no evidence that the Court is biased or prejudiced.  Plaintiff's conclusory claims are not sufficient to make a showing under Rule 60(b)(4).

The Court agrees with Plaintiff that if the December 23, 2015, Decision and Order stands, many of his claims will be dismissed.  (*See id.*)  Unfortunately for Plaintiff, his failure to put forth a cognizable claim closed that door, not any error by this Court.

c.    **Plaintiff's Ancillary Claim Does Not Merit Relief**

Plaintiff raises an additional claim which also lacks merit. Plaintiff argues that there is a cognizable claim when a prison official obstructs the grievance process such that the prisoner cannot exhaust administrative remedies. (*Id.* at 12). As this Court noted in is December 23, 2015, Decision and Order, Plaintiff is incorrect. (Dkt. 65 at 17-18). Plaintiff cites the Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472 (1995), seemingly to support the proposition that the grievance process has become a Due Process requirement because the Prison Litigation Reform Act limits prisoners' ability to access the federal courts before they exhaust administrative remedies. (*See* Dkt. 71 at 12-13). Plaintiff misreads *Sandin*. That case stands for the proposition that states could create liberty interests that will be protected by the Due Process Clause, but those interests are limited to the prisoner's freedom from restraint beyond that anticipated in the prisoner's sentence. *Anderson v. Recore*, 317 F.3d 194, 198-99 (2d Cir. 2003). *Sandin* does not apply to Plaintiff's claims.

Similarly, Plaintiff argues that *Shell v. Brzezniak*, 365 F. Supp. 2d 362 (W.D.N.Y. 2005)—which the Court relies on in its Decision and Order—is distinguishable from the facts in this case. (Dkt. 65 at 17-18; Dkt. 71 at 13). The Court interprets Plaintiff's brief as arguing that because the plaintiff in *Shell* brought an assault complaint, rather than a complaint based on the obstruction of the grievance process itself, *Shell* is distinguishable from Plaintiff's claims. (*See* Dkt. 71 at 13). Plaintiff misreads the case law. In *Shell*, the plaintiff alleged prison officials violated his "rights by failing to file and process various grievances and appeals in accordance with the Inmate Grievance Program . . . ." *Shell*,

365 F. Supp. 2d at 369. This is the exact same claim that Plaintiff brings here. (*See* Dkt. 44 at ¶¶ 26-28). The Court did not err in its citation to *Shell* as persuasive authority.

### 3.   Granting Plaintiff Leave to File a Third Amended Complaint Would Result in Prejudice and Undue Delay

Finally, Plaintiff argues that because this case was transferred to the undersigned from another judge who "subscribe[s] to [other] principles," Plaintiff should be able to amend his complaint for a third time. This request was not part of Plaintiff's earlier motion for summary judgment, and therefore is not validly before the Court as part of the motion for relief. (*See* Dkt. 51).

Because Plaintiff is *pro se*, the Court liberally construes Plaintiff's argument as seeking a motion for leave to replead. *See Greene v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest."). Although a court should grant leave to amend "freely . . . when justice so requires," it is not required to do so after the first amendment. Fed. R. Civ. P. 15(a)(2). "A decision to grant or deny a motion to amend is within the sound discretion of the trial court. . . ." *Werking v. Andrews*, 526 Fed. App'x 94, 95 (2d Cir. 2013) (citing *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998)). Prejudice to the opposing party and undue delay are the "touchstones" of a court's discretion to deny leave to file amended pleadings. *Krumme*, 143 F.3d at 88. "[N]o amendment should be allowed if [the] plaintiff could not prevail on an amended claim because it is futile or untimely, because it fails to state a claim, or because the movant engaged in undue delay." *Shell*,

365 F. Supp. 2d at 367 (citing *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001)).

Here, Defendants—especially those already dismissed from this case—would be significantly prejudiced if the Court allowed Plaintiff to submit yet another amended complaint in an attempt to cure the defects in his Complaint. There is also no indication that an amended complaint could plausibly state a cognizable claim against the already dismissed Defendants. Additionally, another amendment to Plaintiff's Complaint would further delay the resolution of this case, which has already been pending before the Court for five and a half years. Interpreting Plaintiff's request as motion for leave to amend, the motion is denied.

## III.    Plaintiff's Motion to Strike

Following the Court's Decision and Order entered December 23, 2015, Schmelzle answered the Complaint. (Dkt. 66). Schmelzle raises six affirmative defenses: (1) Plaintiff failed to exhaust administrative remedies, (2) collateral estoppel or *res judicata*, (3) qualified immunity, (4) that *respondeat superior*—which Plaintiff asserts—is not applicable to this case, (5) the Eleventh Amendment, and (6) the statute of limitations. (Dkt. 66 at 2-3). Plaintiff filed a motion to strike each of Schmelzle's affirmative defenses. (Dkt. 71-1; Dkt. 71-2).

### A.    Standard of Review

Rule 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, a "motion to strike an affirmative defense under Rule 12(f) . . . for legal

insufficiency is not favored" and "the court will not strike an affirmative defense unless the moving party can establish that the defense is totally insufficient as a matter of law." *Resolution Trust Corp. v. Mass. Mut. Life Ins. Co.*, 93 F. Supp. 2d 300, 303 (W.D.N.Y. 2000). "To prevail in such a motion, [a party] must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Britt v. Buffalo Mun. Hous. Auth.*, No. 06-CV-0057S(Sr), 2008 WL 4501929, at *1 (W.D.N.Y. Sept. 30, 2008) (quoting *Roe v. City of New York*, 151 F. Supp. 2d 495, 510 (S.D.N.Y. 2001)). "A motion to strike is committed to the Court's discretion." *Britt*, 2008 WL 4501929, at *1.

**B.    Discussion**

Plaintiff asserts that each affirmative defense is "insufficient, immaterial, [or] impertinent." (Dkt. 71-1 at ¶ 1). Plaintiff first argues that Schmelzle's defense that Plaintiff failed to exhaust administrative remedies is insufficient because the deadline for exhaustion of administrative remedies was extended by Plaintiff's transfer out of Elmira Correctional Facility. (*See id.* at ¶ 4). Plaintiff has failed to establish, based solely on his assertion that the deadline for exhaustion was extended, that the exhaustion defense is insufficient as a matter of law.

Plaintiff next claims that the second affirmative defense, collateral estoppel or *res judicata*, is barred as a matter of law. (*See id.* at ¶ 6). Here, Plaintiff points to a related state court case which held that the Central Office Review Committee ("CORC"), which decides prison grievance appeals, was not irrational in denying Plaintiff's grievances.

*See Green v. Brandt*, 893 N.Y.S.2d 712, 714 (N.Y. App. Div. 2010). That court also held that "there is no merit to petitioner's claim of hearing officer bias nor any bias upon which to conclude that the determinations at issue flowed from any alleged bias." *Id.* (citations omitted). In asserting that collateral estoppel or *res judicata* do not apply here, Plaintiff claims that he was statutorily precluded from being able to fully and fairly present his issues in front of the state court. (Dkt. 71-2 at 3). That may be true, but full resolution of whether collateral estoppel or *res judicata* applies in this action is inappropriate at this juncture. Plaintiff's assertion, in itself, is insufficient to prove that collateral estoppel or *res judicata* are invalid defenses as a matter of law. Plaintiff has not met his burden to strike Schmelzle's second affirmative defense.

Plaintiff also claims that the defense of qualified immunity is invalid because Plaintiff's constitutional rights to "outdoor recreation and medical care" were well-established at the time of the alleged violation. (Dkt. 71-1 at ¶ 9). Qualified immunity prohibits a suit against government officials, unless the "facts alleged, when taken in the light most favorable to the party asserting the injury, demonstrate a violation of a constitutional right, . . . [and] the officials' actions violated clearly established statutory or constitutional rights of which a reasonable person would have known . . . ." *Jones v. Parmley*, 465 F.3d 46, 55 (2d Cir. 2006) (Sotomayor, J.) (citations omitted). Even assuming, *arguendo*, that Plaintiff is correct regarding the law, he has failed to show the defense should be struck. Plaintiff asserts that he was discriminated against in Schmelzle's investigation of Plaintiff's grievance. (*See* Dkt. 44 at ¶ 7). Plaintiff does not claim that Schmelzle barred Plaintiff from receiving medical care or attending recreation.

Plaintiff has not shown Schmelzle's qualified immunity defense is insufficient as a matter of law.

Plaintiff further argues that Schmelzle's fourth affirmative defense—that *respondeat superior* does not apply in a 42 U.S.C. § 1983 case—should be struck because Schmelzle was personally involved in the alleged deprivation of Plaintiff's rights. (Dkt. 71-1 at ¶ 12). A plaintiff cannot recover damages based on a *respondeat superior* theory of liability in a 42 U.S.C. § 1983 claim. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). "[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Id.* (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Schmelzle has already conceded that he was personally involved in the investigation of Plaintiff's grievance. (Dkt. 47-1 at 2). Additionally, the Court has already dismissed all of Plaintiff's claims against other Defendants, obviating any potential *respondeat superior*-based claim. (Dkt. 65). Thus, it does appear that Schmelzle's fourth affirmative defense is immaterial to the sole claim left at issue in this case. Nonetheless, at this juncture, in the exercise of the Court's discretion, Plaintiff's motion to strike the defense is denied without prejudice.

Similarly, according to Plaintiff, Schmelzle's Eleventh Amendment defense should also be struck because Schmelzle is being sued in his personal capacity. (Dkt. 71-1 at ¶ 13). Schmelzle, if sued in his personal capacity rather than his official capacity, does not have a valid defense under the Eleventh Amendment. *See Darcy v. Lippman*, 356 Fed. App'x 434, 436-37 (2d Cir. 2009) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("As to a

claim brought against [a state official] in his individual capacity, . . . the state official has no Eleventh Amendment immunity.").

Plaintiff's Complaint did not specify whether Schmelzle was being sued in his personal or official capacity. (*See* Dkt. 44).

> [W]hen the face of a complaint fails to state clearly whether a government official is being sued in his official capacity, or his individual capacity, or both, courts look to the course of the proceedings to determine the nature of the liability to be imposed. Thus, a plaintiff who has not clearly identified in her complaint the capacity in which the defendant is sued should not have the complaint automatically construed as focusing on one capacity to the exclusion of the other.

*Frank v. Relin*, 1 F.3d 1317, 1326 (2d Cir. 1993) (citations omitted). The nature of the prior proceedings in this case clarifies that Schmelzle is being sued in his personal capacity. The Court has already dismissed claims against all Defendants in their official capacities. (Dkt. 65 at 6). This only leaves the possibility that Schmelzle is being sued in his personal capacity, which Plaintiff further confirms in his motion to strike. (*See* Dkt. 71-2 at 4). Because Plaintiff's is suing Schmelzle in his personal capacity, the Eleventh Amendment does not appear to apply as a matter of law. *See Ying Jing Gan*, 996 F.2d at 529. However, at this juncture, in the exercise of the Court's discretion, Plaintiff's motion to strike the defense is denied without prejudice.

Finally, Plaintiff argues that the statute of limitations defense is insufficient as a matter of law. (Dkt. 71-1 at ¶ 3). Plaintiff correctly points out that the statute of limitations for a 42 U.S.C. § 1983 claims arises in state personal injury law. (*See* Dkt. 71-2 at 3); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Owens v. Okure*, 488 U.S. 235, 236 (1989). New York's statute of limitations for a personal injury claim is three

- 17 -

years. N.Y. C.P.L.R. § 214(5); *see, e.g., Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 79 (2d. Cir. 2015) ("[A] plaintiff asserting a claim of discrimination under § 1983 must file suit within three years of the adverse . . . action."). Plaintiff filed his claim in this Court on February 7, 2011. (Dkt. 1). Therefore, the underlying violation giving rise to the suit must have occurred on or after February 7, 2008 for Plaintiff to avoid a statute of limitations defense. Schmelzle's alleged discrimination occurred during the investigation of Plaintiff's grievance number EL-34054-08. (*See* Dkt. 65 at 12; Dkt. 47-1 at 2). Schmelzle has previously conceded—in the "Statement of Undisputed Facts" accompanying his motion for summary judgment—that grievance EL-34054-08 was filed on March 1, 2008. (Dkt. 47-1 at 1-2). It appears that Schmelzle has conceded that the grievance at issue was filed less than three years before Plaintiff filed this action. Nonetheless, at this juncture, in the exercise of the Court's discretion, Plaintiff's motion to strike the defense is denied without prejudice.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's motion for relief pursuant to Fed. R. Civ. P. 60 is denied, and Plaintiff's motion to strike is denied without prejudice. (Dkt. 71).

SO ORDERED.



ELIZABETH A. WOLFORD
United States District Judge

Dated: September 28, 2016
         Rochester, New York

- 18 -