UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHAWN GREEN,

    Plaintiff,

v.

SERGEANT SCHMELZLE,

    Defendant.

---

**DECISION AND ORDER**

6:11-CV-06063 EAW

## INTRODUCTION

Plaintiff Shawn Green ("Plaintiff") commenced this action on February 7, 2011. (Dkt. 1). Plaintiff filed a second amended complaint on December 26, 2012, alleging various constitutional violations arising out of his incarceration at the Elmira Correctional Facility. (Dkt. 44). At this stage of the litigation, Sergeant Schmelzle ("Defendant") is the only remaining defendant in this action. Presently before the Court is Defendant's motion to dismiss or for sanctions based on Plaintiff's failure to go forward with the video deposition scheduled for September 25, 2017. (Dkt. 102). For the following reasons, Defendant's motion is denied without prejudice.

## BACKGROUND

On July 19, 2017, Defendant filed a notice to take Plaintiff's deposition on August 17, 2017. (Dkt. 94). Defendant filed an amended notice of deposition on September 13, 2017, indicating that Defendant would take Plaintiff's deposition by video on September 29, 2017. (Dkt. 99). On September 19, 2017, Defendant filed an updated amended notice

- 1 -

of deposition informing Plaintiff that the video deposition would take place on September 25, 2017. (Dkt. 100).

The transcript of the attempted deposition indicates that defense counsel contacted Plaintiff by video for the purpose of taking his deposition on September 25, 2017, but Plaintiff refused to participate, stating that he was unprepared due to short notice and that he had not received the discovery documents he required. (Dkt. 107 at 4-5). Defense counsel offered to reschedule the deposition for the week of November 6, 2017, but Plaintiff stated that any deposition would be "fruitless" if the discovery issues were not resolved. (*Id.* at 11). Defense counsel informed Plaintiff that he would conduct the deposition whether or not discovery had been completed. (*Id.*). Ultimately, the parties did not agree on a new deposition date, and defense counsel informed Plaintiff that he would make a motion to the court asking for remedies, including dismissal, as a result of Plaintiff's failure to cooperate with the scheduled deposition. (*Id.* at 12).

Defendant filed the instant motion on September 26, 2017. (Dkt. 102). Defendant asks the Court to dismiss this case pursuant to Federal Rule of Civil Procedure 37 because Plaintiff failed to go forward with his deposition, or, alternatively, to amend the scheduling order, award expenses, and compel Plaintiff to cooperate with a rescheduled deposition on risk of dismissal. (*Id.*). The expense award Defendant requests, in the event that the Court does not dismiss the complaint, is the cost of the unsuccessful deposition (an amount that is not specified). (Dkt. 102-1). Plaintiff filed his response to Defendant's motion on October 16, 2017. (Dkt. 104). Plaintiff argues that defense counsel was not in compliance with the scheduling order issued July 6, 2017, which states that the "defendants may depose

the plaintiff pursuant to Fed. R. Civ. P. 30(a), *in person or by telephone* at the correctional facility where plaintiff resides at the time of the deposition." (Dkt. 92 at 1 (emphasis added)). Plaintiff argues that Defendant disregarded the Court's orders and that the Court should sanction Defendant accordingly. (Dkt. 104).

## DISCUSSION

Federal Rule of Civil Procedure 37(d) provides that the court may, on motion, order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition[.]" Fed. R. Civ. P. 37(d)(A)(i). Sanctions imposed under Rule 37(d) may include dismissal of the action or an order requiring the party to pay reasonable expenses, among other things. Fed. R. Civ. P. 37(d)(3). However, "[d]ismissal under [Rule 37] is a drastic penalty which should be imposed only in extreme circumstances." *Israel Aircraft Indus., Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir. 1977).

The Court concludes that the circumstances of Plaintiff's failure to go forward with his deposition do not warrant dismissal of his complaint. This was the first deposition attempt, and Plaintiff did not fail to attend, but rather indicated that he could not go forward with the deposition due to the short notice and unresolved discovery disputes. Defendant's notice to Plaintiff regarding the actual deposition date was exceedingly brief—less than one week. (*See* Dkt. 100). However, while the Court does not necessarily fault Plaintiff for voicing his concerns about going forward on September 25, 2017, Plaintiff should have agreed to reschedule the deposition and then, prior to any adjourned date, addressed any discovery issues to the Court.

The Court will afford Plaintiff another opportunity to participate in this case and avoid the relief sought by Defendant. The case is referred again to United States Magistrate Judge Jonathan W. Feldman to conduct a status conference for the purpose of designating a date for a rescheduled deposition and to manage further discovery. Plaintiff's failure to cooperate with future orders by the Magistrate Judge or this Court may result in further sanctions, including dismissal of Plaintiff's complaint with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss and for sanctions (Dkt. 102) is denied without prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: June 5, 2018
       Rochester, New York