**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

SHAWN GREEN,

      Plaintiff,

v.

SCHMELZLE,

      Defendant.

**DECISION AND ORDER
11-cv-6063**

---

## Introduction

Currently pending before the Court is *pro se* plaintiff Shawn Green's ("plaintiff") motion to compel discovery and impose sanctions. Docket # 112. For the reasons stated below, the motion to compel is **granted in part and denied in part**. The motion for sanctions is **denied**.

## Procedural Background

Plaintiff commenced this action over seven years ago. See Compl. (Docket # 1). In his second amended complaint, plaintiff alleged various constitutional violations arising out of his incarceration at Elmira Correctional Facility and named as defendants 24 employees of the New York State Department of Corrections and Community Supervision ("DOCCS"). See Second Am. Compl. (Docket # 44). Plaintiff is black and has diabetes. See id. Among many other allegations, he claims that he was denied the opportunity to participate in recreation or use the phone because he was required to report to the infirmary for insulin

1

injections during the only hour those opportunities were available. See Green v. Schmelzle, 239 F. Supp. 3d 669, 670-71 (W.D.N.Y. 2017). Plaintiff filed a grievance related to this issue, numbered EL34-054-08. Id. Defendant Schmelzle conducted an investigation and plaintiff's grievance was denied. Id. at 671. Thereafter, plaintiff learned that another diabetic inmate, Michael Bennett, filed a similar grievance, numbered EL36-155-09. Id. After Bennett's grievance was filed, the correctional facility changed its policy so that diabetic inmates could participate in recreation. Id.

On December 23, 2015, Judge Wolford granted in part and denied in part the defendants' motion to dismiss or, in the alternative, for summary judgment. Green v. Fischer, et al., No. 6:11-cv-06063, 2015 WL 9460145 (W.D.N.Y. Dec. 23, 2015). Judge Wolford held that plaintiff had sufficiently alleged that a similarly situated inmate was treated differently based on his race, and she denied the motion as to this issue. Id. at *5. Judge Wolford, however, granted the defendants' motion as to all other claims and defendants in the lawsuit. See id. at *8. Accordingly, only defendant Schmelzle remains. See id.

This Court held a scheduling conference on March 16, 2016. Min. Entry (Docket # 74). The defendant indicated that he planned to file another motion for summary judgment as to exhaustion, so the Court did not enter a scheduling order and instead ordered

2

defendant to file that motion and ordered DOCCS to preserve various documents pertaining to the issues presented in this lawsuit. Docket # 75. On April 7, 2016, defendant Schmelzle again moved for summary judgment. Docket # 78. Judge Wolford denied that motion on March 8, 2017. Docket # 84. This Court held a second conference on July 5, 2017 (Min. Entry (Docket # 91)) and the next day issued a scheduling order (Docket # 92). Thereafter, the defendant scheduled a deposition of plaintiff. See Green v. Schmelzle, No. 6:11-cv-06063-EAW-JWF, ECF No. 108, slip op. at 1-2 (W.D.N.Y. June 5, 2018). At the eleventh hour, plaintiff refused to go forward with the deposition, citing outstanding discovery issues. See id. at 2. The defendant made a motion for sanctions, which was denied by Judge Wolford and the case was again referred to the undersigned for supervision of discovery. Id. at 4. The Court held a status conference and ordered plaintiff to go through with a deposition and address any discovery issues by filing a motion to compel. Docket ## 110, 111.

## Discussion

Plaintiff filed the instant motion on June 25, 2018. Docket # 112. Defendant Schmelzle opposes the motion. Docket # 116. Plaintiff submitted a reply to the defendant's response. Docket # 118. In his motion, plaintiff requests that

> Defendant be ordered to provide supplemental responses for all its prior discovery answers and produce documents sought in DOCCS custody; Court deem all

3

> Plaintiff admission demands establish [sic]; instruct Defendant to provide the identity of DOCCS employees as well as prisoners involved with grievances EL34-054-08 and EL36-155-09, including authorize [sic] Plaintiff to depose them by written questions and impose standard as well as monetary sanctions upon Defendant and his attorney.

Docket # 112 at 3. The Court will address these requests in sequence.

Supplemental Responses: The defendant argues that plaintiff submitted discovery demands prior to the first Rule 16 conference and thus, the defendant was not required to provide responses to those requests. See Def.'s Resp. (Docket # 116) at ¶¶ 4, 14. Defendant Schmelzle is correct that Rule 26(d)(1) of the Federal Rules of Civil Procedure prohibits a party from seeking discovery before the parties have conferred – which, in this case, meant a Rule 16 conference. See Fed. R. Civ. P. 26(d)(1). Plaintiff submitted requests for admission and requests for production and interrogatories to defendant Schmelzle _prior_ to the Rule 16 conference. Id. ¶ 14. However, defendant Schmelzle responded to the requests for admission and interrogatories, despite their being premature. See Exs. B and D annexed to Def.'s Resp. (Docket # 116). Thus, to the extent plaintiff is moving for responses to requests for admission and interrogatories, that motion is denied as moot.[1]

---

[1] Of course, Requests for Admissions that are answered or objected to are not deemed admitted. See Fed. R. Civ. P. 36(a)(3).

4

As for requests for production, plaintiff indicates that he submitted discovery demands in March of 2016 and May and July of 2017. See Pl.'s Mot. (Docket # 112). He contends that the defendant did not provide any of the documents requested in his March 2016 demand. In his response to plaintiff's motion, the defendant notes that plaintiff did not resubmit this request after the Rule 16 conference. Def.'s Resp. (Docket # 116) at ¶ 14. The Court cannot find, and the defendant does not cite to, any requirement that a premature discovery demand be resubmitted in order to be answered. In any event, in the interests of efficiency, to the extent that the defendant has not provided a response to plaintiff's March 2016 request for production, he should do so now.

Identity of People involved With Grievances EL34-054-08 and EL36-155-09:

These grievances and the people involved in their adjudication are certainly relevant to that aspect of plaintiff's complaint that survived Judge Wolford's decision on defendants' motion to dismiss. To the extent that the defendant has not provided this information to plaintiff, he should do so now.

Sanctions: The Court declines to impose sanctions at this time. See Deleon v. Hoffman, No. 05-CV-6682CJS, 2009 WL 500862, at *1 n.1 (W.D.N.Y. Feb. 26, 2009) (declining to impose sanctions

5

where *pro se* plaintiff alleged that defendants failed to respond to his premature discovery demands).

## Conclusion

Based on the foregoing, plaintiff's motion to compel is **granted in part and denied in part** and his request that the Court impose sanctions on defendant Schmelzle and his attorney is **denied.** Currently pending before Judge Wolford is defendant's motion for summary judgment (Docket # 119) and plaintiff's motion to file a Third Amended Complaint (Docket # 125). In replying to the defendant's opposition to file a Third Amended Complaint, plaintiff informed the Court that "no additional evidence or discovery [is] needed other than that already requested". See Docket # 128. Accordingly, discovery in this matter is closed.

**IT IS SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: March 13, 2019
Rochester, New York